FRANKLIN FOX ET UX., PLAINTIFFS-RESPONDENTS, v. McCULLOUGH-GENTLE TRUCKING COMPANY, DEFENDANT-APPELLANT.

Submitted January term, 1930—Decided April 17, 1930.

Before Justices PARKER, BLACK and BODINE.

For the plaintiffs-respondents, *Murray, Butler & Butler.*

For the defendant-appellant, *Turner & Stalter.*

PER CURIAM.

This suit was brought to recover damages for personal injuries. The complaint charges, that the defendant had negligently parked an automobile truck, on January 17th, 1928, on a public highway near Franklin Park, with parking lights obscured across that part of the highway used by vehicles, along the right side of the road, the plaintiff was unable to see the automobile truck of the defendant, until he was so close to it that a collision was unavoidable, the plaintiffs' automobile, in which he and his wife were riding, struck the rear of the defendant's truck causing the injuries sued for. The trial resulted in a verdict for the plaintiff Franklin Fox for $8,500 reduced to $5,000 and a verdict in favor of the plaintiff Lydia Fox for $50. A rule to show cause reserving defendant's exceptions was allowed by the trial judge. The defendant appealed and filed four grounds of appeal, viz., error by the trial court in refusing to nonsuit the plaintiff or direct a verdict in favor of the defendant. The legal questions involved, viz., negligence of the defendant and contributory negligence of the plaintiff call for no extended discussion. As stated by Mr. Justice Kalisch in the case of *Fox* v. *Great Atlantic, &c., Tea Co.*, 84 *N. J. L.* 726, a motion for a nonsuit admits the truth of the plaintiff's evidence and of every inference of fact, that can be legitimately drawn therefrom, but denies its sufficiency in law. Cases of collision on highways almost invariably involve questions of concurrent negligence on the part of both actors, in these cases, negligence and contributory negligence are in a peculiar sense questions for a jury. Finding no error in the record the judgment of the Essex County Circuit Court is therefore affirmed.